■ WACHOVIA MORTGAGE CORPORATION, Respondent, FRANK LOPA, JR., Appellant, et al., Defendants. [13 NYS3d 97]—

In an action to foreclose a mortgage, the defendant Frank Lopa, Jr., appeals from a judgment of foreclosure and sale of the Supreme Court, Richmond County (McMahon, J.), dated May 14, 2012, which, upon an order of the same court dated January 11, 2012, granting the plaintiff's motion for summary judgment on the complaint, to strike his answer, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.

Ordered that the judgment of foreclosure and sale is affirmed, with costs.

In an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745 [2014]; *Argent Mtge. Co., LLC v. Mentesana*, 79 AD3d 1079, 1080 [2010]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]). Additionally, where, as here, the issue of standing is raised by the defendant, a plaintiff must prove its standing to be entitled

to relief (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "[A] plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d at 279; *see Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and the affidavit of its Senior Loan Adjustor, who attested to the default of the defendant Frank Lopa, Jr. (hereinafter the defendant). The plaintiff also established its standing as the holder of the note and mortgage since those documents reflect that the plaintiff was the originator of the loan and the plaintiff's Senior Loan Adjustor averred that the plaintiff was still the holder of the note and mortgage when it commenced the action (*see Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference.

Moreover, the Supreme Court properly confirmed the referee's report. Contrary to the defendant's contention, under the circumstances of this case, the referee was not required to conduct a hearing before issuing his report (*see Capital One, N.A. v Knollwood Props. II, LLC*, 98 AD3d 707 [2012]; *Deutsche Bank Natl. Trust Co. v Jackson*, 68 AD3d 805 [2009]; *LBV Props. v Greenport Dev. Co.*, 188 AD2d 588 [1992]).

The defendant's remaining contentions are without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.