■ Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of August 1, 2004 ABFC 2004-HE1 Trust ABFC Asset-Backed Certificates,

Series 2004-HE1, Respondent, v Michael Idarecis, Appellant, et al., Defendants. [21 NYS3d 261]—

In an action to foreclose a mortgage, the defendant Michael Idarecis appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered June 7, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer and his affirmative defenses, and for the appointment of a referee to compute the amount due.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael Idarecis, to strike the answer and affirmative defenses of the defendant Michael Idarecis, and for the appointment of a referee to compute the amount due are denied.

Where, as here, the plaintiff's standing is placed in issue by the defendant's answer, a plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983 [2015]; *Loancare v Firshing*, 130 AD3d 787, 789 [2015]; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 830-831 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d at 984; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Loancare v Firshing*, 130 AD3d at 789). " 'The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note' " (*HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d at 984, quoting *U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]).

Here, the plaintiff failed to establish, prima facie, that it had standing to commence the action. Since the affidavit submitted by the plaintiff did not set forth the date that the plaintiff obtained the note, the affidavit failed to establish that the plaintiff had physical possession of the note prior to commencing the action (*see Flagstar Bank, FSB v Anderson*, 129 AD3d 665, 665-666 [2015]; *Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 766-767 [2015]; *US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]; *cf. Aurora Loan Servs., LLC v Taylor*, 114 AD3d

627, 628-629 [2014], *affd* 25 NY3d 355 [2015]). While the copy of the note submitted by the plaintiff included an endorsement to the plaintiff, the endorsement is undated and, thus, it is unclear whether the endorsement was effectuated prior to the commencement of the action (*see Flagstar Bank, FSB v Anderson*, 129 AD3d at 666; *Wells Fargo Bank, NA v Burke*, 125 AD3d at 767; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682-683 [2012]). Although the written assignment of the mortgage submitted by the plaintiff was dated prior to the commencement of the action, that assignment only purported to assign the mortgage. The plaintiff failed to show that the note also was assigned at that time (*see Flagstar Bank, FSB v Anderson*, 129 AD3d at 666; *Wells Fargo Bank, NA v Burke*, 125 AD3d at 767; *US Bank N.A. v Faruque*, 120 AD3d at 577).

Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael Idarecis, to strike the answer and affirmative defenses of the defendant Michael Idarecis, and for the appointment of a referee to compute the amount due, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.