■ CITIMORTGAGE, INC., Respondent, v ADAM GOLDBERG et al., Appellants, et al., Defendants. [20 NYS3d 906]—In an action to foreclose a mortgage, the defendants Adam Goldberg and Marlaine Goldberg appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated October 31, 2013, as, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a mortgage foreclosure action, the plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).

Here, the plaintiff, which commenced this action in its capac-

ity as holder of the subject note (*cf. CWCapital Asset Mgt., LLC v Great Neck Towers, LLC*, 99 AD3d 850, 851 [2012]; *Fairbanks Capital Corp. v Nagel*, 289 AD2d 99, 100 [2001]), demonstrated its standing by submitting sufficient evidence of its merger with the previous note holder (*see Capital One, N.A. v Brooklyn Flatiron, LLC*, 85 AD3d 837, 837 [2011]). In opposition, the defendants Adam Goldberg and Marlaine Goldberg (hereinafter together the appellants) failed to raise a triable issue of fact (*see Grassi & Co., CPAs, P.C. v Janover Rubinroit, LLC*, 82 AD3d 700, 703 [2011]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.