■ BANK OF AMERICA, N.A., Respondent, v EDWARD J. O'GORMAN et al., Appellants, et al., Defendants. [28 NYS3d 417]—

In an action to foreclose a mortgage, the defendants Edward J. O'Gorman and Deborah A. O'Gorman appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 19, 2015, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.

Ordered that the order is affirmed, with costs.

The plaintiff's standing to prosecute this action was placed

in issue by the appellants in their answer (*see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099, 1099 [2015]; *Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]). Therefore, the plaintiff had the burden of proving its standing "as part of its prima facie showing on [its] motion for summary judgment" (*Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d at 703; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]). On appeal, the appellants contend that the plaintiff failed to establish standing to maintain this action.

In an action to foreclose a mortgage, a plaintiff has standing if it is the holder or assignee of the underlying note when the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the . . . action is sufficient to transfer the obligation' " (*HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012], quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]; *Citimortgage, Inc. v Goldberg*, 134 AD3d 880 [2015]). The mortgage passes with the debt as an inseparable incident (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 109, citing *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754).

Here, the plaintiff's submissions established that an entity known as "Countrywide Home Loans Servicing, LP" (hereinafter Countrywide LP), had acquired physical possession of the subject promissory note at some point in time prior to July 1, 2008, coincident with the endorsement of the note, by a prior holder, to another entity known as "Countrywide Home Loans, Inc." The plaintiff's submissions also demonstrated that Countrywide LP "at all times maintained physical possession of the original [promissory] [n]ote," that Countrywide LP was later renamed "BAC Home Loans Servicing LP," and that this newly named limited partnership then merged into the plaintiff, effective July 1, 2011, prior to the commencement of the action on November 29, 2012. Contrary to the appellants' contentions, the plaintiff's submissions were sufficient to make a prima facie showing of standing by virtue of its pre-commencement physical possession of the note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015], *affg* 114 AD3d 627 [2014]; *see also Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206 [2015]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151 [2015]; *Wells Fargo Bank, N.A. v Parker*, 125 AD3d 848 [2015];

*Kondaur Capital Corp. v McCary*, 115 AD3d 649 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931 [2013]; cf. *Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]).

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the appellants failed to raise a triable issue of fact, and the appellants' remaining contentions are without merit. Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.