■ GENERATION MORTGAGE COMPANY, Respondent, v NELSON MEDINA, Appellant, et al., Defendants. [27 NYS3d 881]—

In an action to foreclose a mortgage, the defendant Nelson Medina appeals, as limited by his brief, from so much a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Santorelli, J.), entered August 17, 2015, as, upon an order of the same court (Kent, J.) dated June 18, 2014, granting the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and an order of the same court (Kent, J.) entered August 22, 2014, among other things, appointing a referee, confirmed the referee's report, and directed the sale of the subject property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]). However, where a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, the plaintiff must prove its standing as part of its prima

facie showing (*see Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (*see Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 830-831 [2015]). Contrary to the appellant's contention, the Supreme Court did not err in concluding that the plaintiff established standing with evidence that the plaintiff was the originator of the loan and that it was still the holder of the note and mortgage when it commenced the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d at 830-831; *Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]; *see also JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903 [2015]; *cf. US Bank N.A. v Madero*, 125 AD3d 757, 757-758 [2015]; *Midfirst Bank v Agho*, 121 AD3d 343, 347-348 [2014]). In opposition, the appellant failed to raise a triable issue of fact.

The appellant waived his affirmative defense of lack of personal jurisdiction on the basis of improper service of process, as he failed to move to dismiss the complaint on that ground within 60 days after serving his answer (*see* CPLR 3211 [e]; *Putnam County Sav. Bank v Mastrantone*, 111 AD3d 914 [2013]; *JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126-1127 [2011]; *Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 742 [2008]).

The appellant's remaining contention is not properly before this Court.

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, confirmed the referee's report, and directed the sale of the subject property. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.