■ Hudson City Savings Bank, Respondent, v Isaac Genuth et al., Appellants, et al., Defendants. [48 NYS3d 706]—

In an action to foreclose a mortgage, the defendants Isaac Genuth, Sarah Genuth, also known as Sara Genuth, 36 Lyncrest Drive Trust, Isaac Genuth and Sarah Genuth, as Trustees, appeal (1) from an order of the Supreme Court, Rockland County (Loehr, J.), dated March 26, 2015, and (2), as limited by their brief, from so much of an order of the same court entered March 31, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike their affirmative defenses, and for an order of reference.

Ordered that the appeal from the order dated March 26, 2015, is dismissed, as that order was superseded by the order entered March 31, 2015; and it is further,

Ordered that the order entered March 31, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On November 21, 2005, the defendant homeowners, Isaac Genuth and Sarah Genuth, also known as Sara Genuth (hereinafter together the homeowners), executed and delivered a note sum of $250,000 to Citibank, NA, secured by a mortgage on their property in Monsey (hereinafter the premises). In early June 2009, the Citibank mortgage and note were assigned to the plaintiff. Shortly thereafter, on June 18, 2009, Isaac Genuth executed and delivered a note in the principal sum of $196,464.19 to the plaintiff, secured by a second mortgage on the premises given by the homeowners. On the same date, the parties entered into an agreement whereby Citibank's and the plaintiff's mortgages and notes were consolidated into a single consolidated mortgage and note. On July 1, 2011, the homeowners defaulted in making the payments under the consolidated mortgage and note. On April 19, 2012, the homeowners transferred title to the premises to the defendant 36 Lyncrest Drive Trust, Isaac Genuth and Sarah Genuth, as Trustees (hereinafter the Trust).

By summons and verified complaint filed on October 18, 2013, the plaintiff commenced this action to foreclose the consolidated mortgage. As pertinent to this appeal, the homeowners and the Trust answered and interposed the affirmative defense that the plaintiff lacked standing. The plaintiff moved for summary judgment on the complaint, to strike the affirmative defenses of the homeowners and the Trust, and for an order of reference. The Supreme Court, inter alia, granted those branches of the plaintiff's motion.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case

through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing as part of its prima facie showing (*see Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d 634, 635 [2016]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]; *Generation Mtge. Co. v Medina*, 138 AD3d 688 [2016]; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note at the time the action was commenced (*see U.S. Bank, N.A. v Noble*, 144 AD3d 786 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]).

Here, the plaintiff established its standing by demonstrating that it was the holder of the consolidated mortgage and note at the time the action was commenced. Further, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the consolidated mortgage, the consolidated note, and evidence of the default (*see Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]; *Generation Mtge. Co. v Medina*, 138 AD3d 688, 689 [2016]; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 830-831 [2015]). In opposition, the homeowners and the Trust failed to raise a triable issue of fact.

Furthermore, contrary to the remaining contention of the homeowners and the Trust, on this record, the totality of the circumstances supports the Supreme Court's determination that the plaintiff's actions constituted a meaningful effort at reaching a mutually agreeable resolution (*see* CPLR 3408 [f]; *Wells Fargo Bank, N.A. v Miller*, 136 AD3d 1024, 1025 [2016]).

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.