In an action to foreclose a mortgage, the defendants Ralph Leonard Caserta and Janet Caserta appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 23, 2015, and (2) so much of an order of the same court, also dated March 23, 2015, as granted those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan.
 

 Ordered that the appeal from the first order dated March 23, 2015, is dismissed, as that order was superseded by the second order dated March 23, 2015; and it is further,
 

 Ordered that the second order dated March 23, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The defendants Ralph Leonard Caserta and Janet Caserta (hereinafter together the defendants) executed, in favor of the plaintiff, a consolidated note (hereinafter the note), and a consolidated mortgage (hereinafter the mortgage) on real property located in Ronkonkoma. The plaintiff subsequently commenced this action to foreclose the mortgage. The defendants answered, and asserted lack of standing as an affirmative defense. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The Supreme Court granted those branches of the motion, and the defendants appeal.
 

 To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312 [2017]; Hudson City Sav. Bank v Genuth, 148 AD3d 687 [2017]). Moreover, where, as here, a plaintiffs standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312 [2017]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725 [2017]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (see Hudson City Sav. Bank v Genuth, 148 AD3d 687 [2017]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725 [2017]).
 

 Here, the plaintiff established its prima facie entitlement to judgment as a matter of law through production of the mortgage, the note, and evidence of default. Additionally, the plaintiff established, prima facie, that it had standing as a holder of the note, through the affidavit of its Assistant Vice President of Loan Servicing and Administration, who attested that the plaintiff, as the original lender, had physical possession of the note at the time of commencement of this action (see Hudson City Sav. Bank v Genuth, 148 AD3d at 689; Generation Mtge. Co. v Medina, 138 AD3d 688, 689 [2016]; Wachovia Mtge. Corp. v Lopa, 129 AD3d 830, 831 [2015]). In opposition, the defendants failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.