Bank of Am., N.A. v Cudjoe (2018 NY Slip Op 00126)





Bank of Am., N.A. v Cudjoe


2018 NY Slip Op 00126


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-08422
 (Index No. 630/11)

[*1]Bank of America, N.A., respondent, 
v
Marva Cudjoe, appellant, et al., defendants.


Marva Cudjoe, Elmont, NY, appellant pro se.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Rajdai D. Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marva Cudjoe appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Adams, J.), dated February 20, 2015, which, inter alia, denied her motion pursuant to CPLR 3124 to compel discovery and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Marva Cudjoe (hereinafter the defendant) to secure a note in the sum of $348,000. The plaintiff alleged, among other things, that the defendant defaulted on the note and mortgage by failing to make the monthly payment due June 2010. The defendant, appearing pro se, answered the complaint with a general denial as to the allegations in the complaint. When no settlement was reached and the action was released from the mandatory settlement part, the defendant moved to compel disclosure relating to the plaintiff's ownership of the note. The plaintiff opposed the motion and cross-moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion.
Generally, on a motion for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see DLJ Mtge. Capital, Inc. v Sosa, 153 AD3d 666, 667). When the defendant has placed standing in issue, the plaintiff must also, as part of its prima facie showing, demonstrate that it has standing (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770; Bethpage Fed. Credit Union v Caserta, 154 AD3d 691). If the plaintiff meets its burden, the burden shifts to the defendant to raise a triable issue of fact (see Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010). Here, the defendant's mere general denial of the allegations in the complaint did not raise the issue of the plaintiff's standing, so the defense of lack of standing was waived, and the plaintiff was not required to demonstrate, prima facie, its ownership of the note at [*2]the time the action was commenced (see Citigroup v Kopelowitz, 147 AD3d 1014, 1015). Thus, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the defendant's default. In opposition, the defendant failed to raise a triable issue of fact (see Emigrant Bank v Marando, 143 AD3d 856, 857). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against the defendant.
In light of the defendant's waiver of the issue of the plaintiff's standing to commence the action and the defendant's failure to seek leave to amend her answer to raise that issue (cf. US Bank, N.A. v Primiano, 140 AD3d 857, 857), the Supreme Court properly denied the defendant's motion pursuant to CPLR 3124 to compel discovery on that issue (cf. U.S. Bank N.A. v Ventura, 130 AD3d 919, 920).
The defendant's contentions that the plaintiff's submissions were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304 and that the plaintiff failed to comply with the condition precedent set forth in RPAPL 1306 are improperly raised for the first time on appeal (see Bank of Am., N.A. v Barton, 149 AD3d 676, 679; 40 BP, LLC v Katatikarn, 147 AD3d 710, 711).
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court