Bank of N.Y. Mellon v Selig (2018 NY Slip Op 06874)





Bank of N.Y. Mellon v Selig


2018 NY Slip Op 06874


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-01284
 (Index No. 23649/10)

[*1]Bank of New York Mellon, etc., respondent, 
v
Krista Selig, appellant, et al., defendants.


Krista Selig, Roslyn Heights, NY, appellant pro se.
Druckman Law Group PLLC, Westbury, NY (Stuart L. Druckman and Maria Sideris of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Krista Selig appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 13, 2015. The judgment, upon (1) an order of the same court entered March 27, 2014, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and to direct the appointment of a referee, (2) an order of the same court dated September 25, 2015, denying those branches of that defendant's motion which were to vacate the order entered March 27, 2014, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and (3) an order of the same court entered October 13, 2015, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, is in favor of the plaintiff and against that defendant, directing the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Krista Selig, to strike that defendant's answer, and to direct the appointment of a referee are denied, and the answer of the defendant Krista Selig is reinstated, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied as premature, and the orders entered March 27, 2014, and October 13, 2015, are modified accordingly.
On January 23, 2006, the defendant Krista Selig (hereinafter the defendant) executed a promissory note in the amount of $417,200 in favor of Concord Mortgage Corp. (hereinafter Concord Mortgage). The note was secured by a mortgage encumbering real property located in Roslyn Heights. The defendant allegedly defaulted on the loan by failing to make the monthly installment payments due March 1, 2009, and thereafter. In December 2010, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant, alleging, in relevant part, that it was the holder of the subject note. The defendant served an answer in which she raised, inter alia, lack of standing as an affirmative defense. The defendant did not assert lack of personal jurisdiction in her answer. 
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as [*2]asserted against the defendant, to strike her answer, and for the appointment of a referee. In an order entered March 27, 2014, the Supreme Court granted the plaintiff's motion. On or about March 11, 2015, the plaintiff moved for a judgment of foreclosure and sale and to confirm the referee's report. By order to show cause dated March 31, 2015, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order entered March 27, 2014, and pursuant to 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered October 13, 2015, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated September 25, 2015, the court denied the defendant's motion. A judgment of foreclosure and sale was entered in favor of the plaintiff and against the defendant, directing the sale of the subject premises. The defendant appeals from the judgment.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). However, where, as here, a defendant places standing in issue, the plaintiff must prove standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing in a mortgage foreclosure action when it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21]; see UCC 3-301).
Where, as here, the note has been endorsed in blank, the purported holder of the note must establish its standing by demonstrating that the original note was physically delivered to it prior to the commencement of the action (see UCC 3-202[1]; 3-204[2]; US Bank, N.A. v Zwisler, 147 AD3d 804, 806; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685). The plaintiff attempted to establish its standing through the affidavit of Jonathan Manko, an officer of Bank of America, N.A., the purported servicing agent for the plaintiff. Manko averred that he reviewed all of the documents attached to his affidavit and "authenticate[d] them as coming directly from the loan file at issue herein and kept in the ordinary course of business." Manko averred that this action was commenced on December 30, 2010, and at that time, the plaintiff was in possession of the original note and mortgage. However, the plaintiff failed to demonstrate that the records Manko relied upon were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]) because Manko, an officer of Bank of America, N.A., did not attest that he was personally familiar with the plaintiff's record-keeping practices and procedures (see OneWest Bank, FSB v Berino, 158 AD3d 811, 813; US Bank N.A. v Ballin, 158 AD3d 786, 788; U.S. Bank N.A. v Brody, 156 AD3d 839, 841; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954). Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
We agree with the Supreme Court's denial of that branch of the defendant's motion, brought by order to show cause, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The defendant waived the defense of lack of personal jurisdiction by failing to raise it in a pre-answer motion to dismiss or in her answer (see CPLR 320[a]; U.S. Bank N.A. v Pepe, 161 AD3d 811; Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847; MidFirst Bank v Ajala, 146 AD3d 875, 875; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181; Generation Mtge. Co. v Medina, 138 AD3d 688, 689; Putnam County Sav. Bank v Fishel, 110 AD3d 779, 779).
The defendant's contentions regarding a postjudgment order dated August 29, 2017, are not properly before this Court on this appeal.
The defendant's remaining contentions either are without merit or have been rendered [*3]academic in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court