Wells Fargo Bank, N.A. v Leonardo (2018 NY Slip Op 08530)





Wells Fargo Bank, N.A. v Leonardo


2018 NY Slip Op 08530


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-06284
2015-06285
2015-06286
2015-06287
 (Index No. 14266/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Joseph P. Leonardo, appellant, et al., defendants.


Zara Watkins, New York, NY, for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Katerina M. Kramarchyk and Cameron Grant of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph P. Leonardo appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 17, 2014, (2) an order of the same court, dated February 23, 2015, (3) an order of the same court, also dated February 23, 2015, and (4) an order of the same court entered February 25, 2015. The order entered October 17, 2014, insofar as appealed from, denied the motion of the defendant Joseph P. Leonardo pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action was pending between the same parties for the same cause of action. The first order dated February 23, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Joseph P. Leonardo, and for an order of reference, and denied that defendant's cross motion, in effect, pursuant to CPLR 3211(a)(3) and (4) to dismiss the complaint insofar as asserted against him on the grounds that a prior action was pending between the same parties for the same cause of action, and that the plaintiff lacked standing. The second order dated February 23, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Joseph P. Leonardo, and for an order of reference, and referred the matter to a referee to ascertain the amount due on the mortgage loan. The order entered February 25, 2015, denied the renewed motion of the defendant Joseph P. Leonardo pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action was pending between the same parties for the same cause of action.
ORDERED that the appeals from the orders entered October 17, 2014, and February 25, 2015, are dismissed; and it is further,
ORDERED that the appeal from so much of the first order dated February 23, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Joseph P. Leonardo, and for an order of reference [*2]is dismissed, as that portion of the order was superseded by the second order dated February 23, 2015; and it is further,
ORDERED that the appeal from so much of the first order dated February 23, 2015, as denied that branch of the cross motion of the defendant Joseph P. Leonardo which was, in effect, pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action was pending between the same parties for the same cause of action is dismissed; and it is further,
ORDERED that the first order dated February 23, 2015, is affirmed insofar as reviewed; and it is further,
ORDERED that the second order dated February 23, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2008, Joseph P. Leonardo (hereinafter the defendant) and Audrey M. Leonardo (hereinafter together the Leonardo defendants) executed a note in the sum of $504,000 in favor of Wachovia Mortgage, FSB (hereinafter Wachovia). The note was secured by a mortgage on residential property located in Nassau County. In August 2010, Wells Fargo Bank, N.A., as successor by merger to Wachovia (hereinafter the plaintiff), commenced an action (hereinafter the 2010 action) against the Leonardo defendants, among others, to foreclose the mortgage. The defendant, appearing pro se, served an answer to the complaint dated September 7, 2010. Thereafter, in November 2013, the plaintiff commenced this action against the Leonardo defendants, among others, to foreclose the mortgage. The defendant, appearing pro se, served a notice of appearance and answer dated January 5, 2014, asserting various affirmative defenses, including lack of standing. Audrey M. Leonardo did not appear or answer the complaint.
In May 2014, the defendant moved pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him (hereinafter the May 2014 motion) on the ground that the 2010 action was pending between the same parties for the same cause of action. In September 2014, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant cross-moved, in effect, pursuant to CPLR 3211(a)(3) and (4) to dismiss the complaint insofar as asserted against him on the grounds that a prior action was pending between the same parties for the same cause of action, and that the plaintiff lacked standing.
By order entered October 17, 2014, the Supreme Court denied the defendant's May 2014 motion without prejudice to renew. The defendant then moved for leave to renew the May 2014 motion. By order dated February 23, 2015, the court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, and denied the defendant's cross motion, in effect, pursuant to CPLR 3211(a)(3) and (4) to dismiss the complaint insofar as asserted against him on the grounds that a prior action was pending between the same parties for the same cause of action, and that the plaintiff lacked standing. In a second order dated February 23, 2015, the court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, and referred the matter to a referee to ascertain the amount due on the mortgage loan. By order entered February 25, 2015, the court denied the defendant's renewed motion pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action was pending between the same parties for the same cause of action. The defendant appeals.
The appeals from the orders entered October 17, 2014, and February 25, 2015, and from so much of the first order dated February 23, 2015, as denied that branch of the defendant's cross motion, which was, in effect, pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action was pending between the same parties for [*3]the same cause of action are dismissed as academic, since the Supreme Court subsequently, by order dated October 29, 2015, granted the plaintiff's motion to discontinue the 2010 action (see Van Bron Corp. v Gier's Farm Serv., 273 AD2d 811).
Contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence the action. Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Here, the plaintiff's submissions in support of its motion were sufficient to establish, prima facie, that it was the holder of the note prior to the commencement of the action (see Citimortgage, Inc. v Rockefeller, 155 AD3d 998, 998; Citimortgage, Inc. v Goldberg, 134 AD3d 880, 881). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's contentions that the notice of pendency filed by the plaintiff was ineffective because the plaintiff failed to serve him with process within 30 days of filing the notice of pendency, in violation of CPLR 6512, and that the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 are improperly raised for the first time on appeal (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 706; Bank of Am., N.A. v Barton, 149 AD3d 676, 679; Emigrant Bank v Marando, 143 AD3d 856, 857).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, and to deny that branch of the defendant's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff lacked standing.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court