■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v ESTHER TWERSKY, Appellant, et al., Defendants. [24 NYS3d 193]—

In an action to foreclose a mortgage, the defendant Esther Twersky appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 10, 2014, which denied her motion to dismiss the complaint insofar as asserted against her, with prejudice, as a sanction for the plaintiff's failure to negotiate in good faith.

Ordered that the order is affirmed, with costs.

In 2006, the defendant Esther Twersky (hereinafter the appellant) obtained a loan for $577,500 from First Financial Equities, Inc., and executed a note and mortgage evidencing the debt and securing payment thereunder. The appellant defaulted on her payment obligations, and in August 2008, the plaintiff commenced this mortgage foreclosure action. Pursuant to CPLR 3408, mandatory settlement conferences were held. In February 2014, the appellant moved to dismiss the complaint insofar as asserted against her, with prejudice, as a sanction for the plaintiff's failure to negotiate in good faith. The Supreme Court denied the motion, determining that the appel-

lant did not demonstrate that the plaintiff failed to negotiate in good faith.

CPLR 3408 is a remedial statute, enacted in response to the 2008 mortgage crisis, which "requires only that the parties enter into and conduct negotiations in good faith" (*US Bank N.A. v Sarmiento*, 121 AD3d 187, 200 [2014]). "[T]he issue of whether a party failed to negotiate in 'good faith' within the meaning of CPLR 3408 (f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (*id.* at 203; *see Citibank, N.A. v Barclay*, 124 AD3d 174, 177 [2014]). Here, the documentation the appellant submitted in support of her motion did not establish that the plaintiff failed to negotiate in good faith by, inter alia, refusing to accept the appellant's proposal of a lump sum payment of $276,593.55 in full satisfaction of the outstanding loan balance (*see Bank of N.Y. v Castillo*, 120 AD3d 598, 599-600 [2014]; *Bank of Am., N.A. v Lucido*, 114 AD3d 714 [2014]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the appellant's motion to dismiss the complaint insofar as asserted against her, with prejudice, as a sanction for the plaintiff's failure to negotiate in good faith. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.