■ CitiMortgage, Inc., Respondent, v Andrew Pugliese et al., Appellants, et al., Defendants. [38 NYS3d 576]—

In an action to foreclose a mortgage, the defendants Andrew Pugliese and Rosa Pugliese appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), dated July 10, 2014, and (2), as limited by their brief, from so much of an order of the same court entered July 25, 2014, as granted that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint, which had been denied in an order of the same court dated March 1, 2012, and, upon renewal, in effect, vacated the determination in the order dated March 1, 2012, and thereupon granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and denied their cross motion, inter alia, for leave to amend their answer and for a hearing to determine whether the plaintiff failed to negotiate in good faith as required by CPLR 3408 (f).

Ordered that the appeal from the order dated July 10, 2014, is dismissed, as that order was superseded by the order entered July 25, 2014; and it is further,

Ordered that the order entered July 25, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In July 2006, the defendants Andrew Pugliese and Rosa Pugliese (hereinafter together the defendants) obtained a loan from the plaintiff, CitiMortgage, Inc. (hereinafter CitiMortgage), in the principal sum of $367,500. The loan was secured by a mortgage on real property located in Massapequa. On January 5, 2010, CitiMortgage commenced this mortgage foreclosure action against, among others, the defendants. The defendants interposed an answer dated January 8, 2010, denying the allegations in the complaint and asserting no affirmative defenses. From November 2010 through December 2011, the parties engaged in mandatory settlement conferences pursuant to CPLR 3408. A resolution could not be reached and, on December 22, 2011, the matter was released from the settlement conference part and CitiMortgage was permitted to proceed with the foreclosure action. Thereafter, CitiMortgage moved, inter alia, for summary judgment on the complaint. In an order dated March 1, 2012, the Supreme Court denied the motion without prejudice to renew and to include an attorney affirmation in conformity with Administrative Order of the Chief Administrative Judge of the Courts AO/431/11.

In November 2013, CitiMortgage moved for leave to renew

its motion and, upon renewal, inter alia, for an award of summary judgment on the complaint. In February 2014, the defendants cross-moved, inter alia, for leave to amend their answer to include the affirmative defense that CitiMortgage lacked standing to commence the action, and for a hearing to determine whether CitiMortgage met its obligation to negotiate in good faith pursuant to CPLR 3408 (f). The Supreme Court granted CitiMortgage's motion and denied the defendants' cross motion. The defendants appeal.

The Supreme Court providently exercised its discretion in granting that branch of CitiMortgage's motion which was for leave to renew its motion for summary judgment based upon the submission of the attorney affirmation (*see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]; *Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 100 [2009]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 266 [1995]).

Upon renewal, the Supreme Court properly granted that branch of CitiMortgage's motion which was for summary judgment on the complaint insofar as asserted against the defendants. CitiMortgage demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (*see Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1186 [2015]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]). In opposition, the defendants failed to produce evidence, in admissible form, sufficient to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Washington Mut. Bank v Schenk*, 112 AD3d at 616; *Washington Mut. Bank v Valencia*, 92 AD3d 774, 774 [2012]; *Wells Fargo Bank v Das Karla*, 71 AD3d 1006, 1006 [2010]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d at 856).

The Supreme Court providently exercised its discretion in denying that branch of the defendants' cross motion which was for leave to amend their answer to include the affirmative defense that CitiMortgage lacked standing to commence the action (*see* CPLR 3025 [b]; *Onewest, F.S.B. v Goddard*, 131 AD3d 1028, 1028 [2015]; *Darby Group Cos., Inc. v Wulforst Acquisition, LLC*, 130 AD3d 866, 867 [2015]). The defendants' proposed amendment was patently devoid of merit since CitiMortgage was the original lender (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]).

The Supreme Court also properly denied that branch of the

defendants' cross motion which was for a hearing to determine whether CitiMortgage met its obligation to negotiate in good faith pursuant to CPLR 3408. The defendants failed to sufficiently allege that the totality of the circumstances demonstrated that CitiMortgage's conduct did not constitute a meaningful effort at reaching a resolution to warrant a hearing (*see* CPLR 3408 [f]; *Wells Fargo Bank, N.A. v Miller*, 136 AD3d 1024, 1025 [2016]; *Deutsche Bank Natl. Trust Co. v Twersky*, 135 AD3d 895, 896 [2016]; *U.S. Bank N.A. v Smith*, 123 AD3d 914, 916 [2014], citing *US Bank N.A. v Sarmiento*, 121 AD3d 187, 203 [2014]). Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.