■ BANK OF AMERICA, N.A., as Successor by Merger to BAC HOME LOANS SERVICING, LP, Formerly Known as COUNTRYWIDE HOME LOANS SERVICING LP, Respondent, v REBECCA BARTON et al., Appellants, et al., Defendants. [50 NYS3d 546]—

In an action to foreclose a mortgage, the defendants Rebecca Barton and Raymond Barton appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Rouse, J.), dated March 4, 2015, as, inter alia, denied that branch of their cross motion which was for leave to serve a second amended answer, and (2) so much of an order of the same court, also dated March 4, 2015, as granted that branch of the plaintiff's motion which was for summary judgment against them, struck their answer and amended answer, and appointed a referee to determine the amount due to the plaintiff.

Ordered that the orders are affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant homeowners Rebecca Barton and Raymond Barton (hereinafter together the Bartons), alleging that the Bartons failed to make payments pursuant to a note and mortgage in the principal sum of $243,200. The Bartons appeared and answered, and then served an amended answer denying the allegation in the complaint that the plaintiff was the holder of the note and mortgage being foreclosed. They did not assert any affirmative defense based on any issues involving RPAPL 1304.

The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the Bartons, tendering copies of the note and mortgage, various assignments thereof, evidence of the Bartons' default, and copies of the notices sent pursuant to RPAPL 1304. The Bartons opposed the motion, contending that the plaintiff lacked standing to commence the action, and cross-moved, among other things, for leave to serve a second amended answer asserting standing as an affirmative defense. They did not challenge the sufficiency of the notices sent pursuant to RPAPL 1304, or assert an affirmative defense on that basis. In reply, the plaintiff proffered evidence that it had received the original note for the subject loan in 2001, and that it had maintained the note in a secure file room until it was shipped to the plaintiff's attorneys in 2011, almost a year before the action was commenced.

The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment, and denied that branch of the Bartons' cross motion which was for leave to serve a second amended answer. The Bartons appeal, contending that the Supreme Court erred in granting summary judgment to the plaintiff because it did not meet its initial burden on the motion to establish its standing to commence this action, and that they should have been granted leave to serve a second amended answer. The Bartons further contend, for the first time on appeal, that the notices sent pursuant to RPAPL 1304 were defective because they included the required text in Spanish as well as English.

"In residential mortgage foreclosure actions . . . a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default" (*Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]; *see U.S. Bank N.A. v Godwin*, 137 AD3d 1260, 1261 [2016]; *HSBC Bank USA, N.A. v Espinal*, 137 AD3d 1079, 1079

[2016]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). Where, as here, "a fair reading of [the] answer reveals that it contained language which denied that the plaintiff was the owner and holder of the note and mortgage being foreclosed," the plaintiff must prove its standing on a motion for summary judgment (*Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 910 [2015]; *see US Bank N.A. v Faruque*, 120 AD3d 575, 576 [2014]).

A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was the holder or assignee of the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644-645 [2016]; *Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704, 705 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]).

Here, the plaintiff proffered an affidavit from one of its officers, who averred that the plaintiff received the original note on or about October 22, 2001, and the original recorded mortgage on or about February 2, 2002, and that both were placed in a secure file room for safe keeping, where they were held until they were shipped to the plaintiff's attorneys. The plaintiff's counsel affirmed that her review of the files maintained by her office revealed that the original note was received by her office on April 8, 2011, nearly a year before the action was commenced. This evidence, together with the copy of the note, endorsed in blank, which was attached to the plaintiff's motion for summary judgment, was sufficient to establish the plaintiff's standing (*see PennyMac Corp. v Chavez*, 144 AD3d 1006, 1007 [2016]; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986, 987 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879-880 [2015]).

The plaintiff established its prima facie entitlement to judgment as a matter of law against the Bartons through the production of the mortgage, the unpaid note, and evidence of default, and in response, the Bartons failed to raise a triable issue of fact (*see U.S. Bank N.A. v Godwin*, 137 AD3d at 1261-1262; *HSBC Bank USA, N.A. v Espinal*, 137 AD3d at 1079; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689).

The Bartons' contention that the plaintiff did not strictly comply with the terms of RPAPL 1304 is improperly raised for the first time on appeal (*see Emigrant Bank v Marando*, 143 AD3d 856, 857 [2016]; *PHH Mtge. Corp. v Celestin*, 130 AD3d 703, 704 [2015]; *see also Federal Natl. Mtge. Assn. v Cappelli*, 120 AD3d 621, 622 [2014]).

Although leave to amend a pleading "shall be freely given" in the absence of prejudice or surprise to the opposing party (CPLR 3025), here, the Supreme Court providently denied that branch of the Bartons' cross motion which was for leave to serve a second amended answer alleging an affirmative defense of lack of standing because the proposed amendment was palpably insufficient and patently devoid of merit (*see CitiMortgage, Inc. v Pugliese*, 143 AD3d 659, 661 [2016]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the Bartons, and appointed a referee to determine the amount due to the plaintiff. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur. ■