In an action to foreclose a mortgage, the defendants Henry Martinez and Yanira Rivera appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated October 29, 2014, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In January 2007, the defendants Henry Martinez and Yanira Rivera (hereinafter together the defendants) borrowed the sum of $228,000 from Approved Funding Corp. (hereinafter AFC). The loan was evidenced by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting solely as nominee for AFC. The mortgage encumbered real property in Spring Valley. Thereafter, the mortgage was assigned to the plaintiff. In July 2012, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendants defaulted on the loan by failing to make the payment due on May 1, 2010. The defendants filed an answer in which they generally denied the allegations in the complaint and asserted, among other affirmative defenses, that the plaintiff lacked standing to commence the action. In February 2014, after settlement conferences pursuant to CPLR 3408 failed to result in a loan modification, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants’ answer, and for an order of reference. The defendants opposed the motion. In an order dated October 29, 2014, the Supreme Court granted the motion. The defendants appeal, and we affirm the order insofar as appealed from.
 

 “Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default” (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]). “Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief” (Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628 [2014] [internal quotation marks omitted], affd 25 NY3d 355 [2015]). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; U.S. Bank N.A. v Handler, 140 AD3d 948, 949 [2016]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident” (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).
 

 Here, the plaintiff proffered an affidavit from one of its officers, who averred that the plaintiff received the original note on or about February 10, 2007, and the original recorded mortgage on or about June 13, 2007. This evidence, together with a copy of the note endorsed in blank, which was attached to the plaintiffs motion for summary judgment, was sufficient to establish, prima facie, the plaintiffs standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). In opposition, the defendants failed to raise a triable issue of fact. Contrary to their assertion, the copy of the note submitted by them in opposition to the motion did not contain an endorsement which conflicted with the copy of the note submitted by the plaintiff.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants’ answer, and for an order of reference.
 

 Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.