Deutsche Bank Natl. Trust Co. v Iarrobino (2018 NY Slip Op 01451)





Deutsche Bank Natl. Trust Co. v Iarrobino


2018 NY Slip Op 01451


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2016-01818
2017-05987
 (Index No. 130309/10)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Anthony Iarrobino, et al., appellants, et al., defendants.


John Z. Marangos, Staten Island, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster and Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
Appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated January 6, 2016, and a judgment of foreclosure and sale of that court dated March 6, 2017. The order, upon a decision of that court (Edward V. Corrigan, R.) dated June 1, 2015, made after a hearing, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Anthony Iarrobino and Antonina Iarrobino, also known as Anthonina Iarrobino, and for an order of reference, and denied the cross motion of the defendants Anthony Iarrobino and Antonina Iarrobino, also known as Anthonina Iarrobino, pursuant to CPLR 3211(a)(3) and CPLR 3212 to dismiss the complaint insofar as asserted against them for lack of standing. The judgment, upon the order, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action against Anthony Iarrobino and Antonina Iarrobino, also known as Anthonina Iarrobino (hereinafter together the Iarrobino defendants), among others, to foreclose a mortgage secured by certain real property located in Staten Island. In September 2013, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Iarrobino defendants, and for an order of reference. The Iarrobino defendants [*2]opposed the motion and cross-moved pursuant to CPLR 3211(a)(3) and CPLR 3212 to dismiss the complaint insofar as asserted against them for lack of standing. The Supreme Court referred the matter to a referee to hear and determine the issue of standing. Thereafter, upon the referee's decision dated June 1, 2015, made after a hearing, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the Iarrobino defendants and for an order of reference, and denied the Iarrobino defendants' cross motion. By judgment of foreclosure and sale dated March 6, 2017, in favor of the plaintiff, the court, inter alia, directed the sale of the property. The Iarrobino defendants appeal.
Contrary to the Iarrobino defendants' contention, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Additionally, where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; U.S. Bank N.A. v Handler, 140 AD3d 948, 949). Either a written assignment of the underlying note or the physical delivery of the note, properly endorsed, is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Bank of Am., N.A. v Martinez, 153 AD3d 1219; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685).
Here, the plaintiff established that it had standing by demonstrating that it had physical possession of the original note, properly endorsed, at the time the action was commenced (see Bank of Am., N.A. v Martinez, 153 AD3d 1219; Bank of Am., N.A. v Barton, 149 AD3d 676, 678; U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1104; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007). Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of a vice president of its loan servicer, attesting to the Iarrobino defendants' default in payment, and in response, the Iarrobino defendants failed to raise a triable issue of fact (see Bank of Am., N.A. v Barton, 149 AD3d at 678).
The Iarrobino defendants' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court