U.S. Bank N.A.. v Duthie (2018 NY Slip Op 03167)





U.S. Bank N.A.. v Duthie


2018 NY Slip Op 03167


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2015-04541
 (Index No. 350/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Hugh Duthie, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky and Kevin M. Butler of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hugh Duthie appeals from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated February 5, 2015. The order, insofar as appealed from, after a hearing, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hugh Duthie and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 1, 2006, Hugh Duthie (hereinafter the defendant) executed a note in the sum of $940,000 in favor of Washington Mutual Bank, FA (hereinafter Washington Mutual), which was secured by a mortgage on a residential condominium unit located in Brooklyn. By assignment of mortgage dated December 23, 2011, "JPMorgan Chase Bank, National Association, successor in interest by purchase from the FDIC as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA," assigned the mortgage to "U.S. Bank National Association, as trustee, successor in interest to Bank of America, National Association as trustee as successor by merger to LaSalle Bank, National Association as trustee for WAMU Mortgage Pass-Through Certificates Series 2006-AR12 Trust" (hereinafter the plaintiff).
In January 2012, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant served an answer in which he asserted various affirmative defenses, including that the plaintiff lacked standing. After discovery was conducted, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. In support of its motion, the plaintiff submitted the affidavit of Amber Alegria, an assistant secretary for JPMorgan Chase Bank, N.A. (hereinafter Chase), in which she averred that Chase was "attorney in fact" for the plaintiff. According to Alegria, the note and mortgage were assigned to the plaintiff by Chase "as Washington Mutual's successor in interest by purchase from the FDIC as Receiver of Washington Mutual," as memorialized in the Assignment of Mortgage dated December 23, 2011. Alegria further averred that Chase, "as servicer and attorney in fact" for the plaintiff, was the holder of the note and mortgage at the time of the commencement of the action.
In an order dated November 17, 2014, the Supreme Court, inter alia, held in abeyance [*2]those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference pending a hearing on the issue of "the plaintiff's physical receipt of the note and its possession [of the note] at the commencement of the [action]." At the conclusion of the hearing, the court found that the plaintiff established that it had physical possession of the note at the time of the commencement of the action. In an order dated February 5, 2015, the court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant appeals.
A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Bank of Am., N.A. v Martinez, 153 AD3d 1219, 1220). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
We agree with the Supreme Court's determination that the plaintiff established its standing. The plaintiff established, prima facie, its standing as the holder of the note through the testimony at the hearing, and by demonstrating on its motion for summary judgment that a copy of the note, including an allonge containing an endorsement in blank, was among the various exhibits annexed to the complaint. Thus, the plaintiff established its physical possession of the note, and its status as an assignee of the note, as of the date that the action was commenced (see U.S. Bank N.A. v Cox, 148 AD3d 962, 963; Emigrant Bank v Larizza, 129 AD3d 904, 905). In opposition, the defendant failed to raise a triable issue of fact.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court