Bank of Am., N.A. v Tobin (2019 NY Slip Op 00088)





Bank of Am., N.A. v Tobin


2019 NY Slip Op 00088


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06578
2016-06580
 (Index No. 24166/12)

[*1]Bank of America, N.A., etc., respondent, 
v
Carol Tobin, etc., et al., appellants, et al., defendants.


Brian P. Neary, P.C., Huntington, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Richard N. Franco and Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Carol Tobin and Paul Tobin appeal from two orders of the Supreme Court, Suffolk County (William B. Rebolini, J.), both dated April 12, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Tobin and Paul Tobin and for an order of reference. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Tobin and Paul Tobin and for an order of reference, struck their answer, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the first order is dismissed, as the portions of the first order appealed from were superseded by the second order; and it is further,
ORDERED that the second order dated is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2008, the defendants Carol Tobin and Paul Tobin (hereinafter together the defendants) executed a note in the principal sum of $405,000, which was secured by a mortgage on residential property located in Amityville. In May 2010, the defendants entered into a loan modification agreement that amended and supplemented the terms of the note and mortgage. The modification agreement provided that the new principal balance of the loan was $402,597.75, $64,564.75 of which was deferred (hereinafter the deferred principal), and extended the maturity date of the loan.
In August 2012, the plaintiff commenced this mortgage foreclosure action against the defendants and others, alleging in the complaint that the defendants defaulted on their mortgage obligations and that the plaintiff had complied with RPAPL 1304. In their answer, the defendants asserted several affirmative defenses, including that the plaintiff lacked standing, the plaintiff failed [*2]to comply with RPAPL 1304, and the notice of default required under the terms of the mortgage was defective. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The Supreme Court granted those branches of the plaintiff's motion, and the defendants appeal.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law. The plaintiff produced the mortgage, the unpaid note, and evidence of default (see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041). In addition, the plaintiff demonstrated, prima facie, that it was the holder of the note at the time the action was commenced by submitting evidence that a copy of the note, including an allonge containing an endorsement in blank, was among the various exhibits annexed to the complaint (see UCC 1-201[b][21]; CitiMortgage, Inc. v McKenzie, 161 AD3d at 1041; U.S. Bank N.A. v Duthie, 161 AD3d 809, 811; U.S. Bank N.A. v Henry, 157 AD3d 839; U.S. Bank N.A. v Cox, 148 AD3d 962; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643; Emigrant Bank v Larizza, 129 AD3d 904).
In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff's standing (see U.S. Bank N.A. v Henry, 157 AD3d at 841). Contrary to the defendants' contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see UCC 3-204[2]). "Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645, citing Aurora Loan Servs., LLC v Taylor, 25 NY3d 355; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822).
The defendants additionally argue that the notice of default required under the mortgage was defective, in part, because they were not in default, having earlier endorsed an insurance settlement check in the amount of $15,617.36 for property damage suffered in March 2010 and forwarded the check to the plaintiff along with a request that the proceeds be applied to the upcoming monthly mortgage payments. The defendants' contention is without merit. The settlement check was made payable to both the defendants and the plaintiff's predecessor in interest. Paragraph 5 of the mortgage provided that unless the lender and the borrowers otherwise agreed in writing, any insurance proceeds would be used to repair or restore the damaged property, unless it was not economically feasible to make the repairs or restoration, the use of the insurance proceeds for that purpose would lessen the protection given to the lender by the mortgage, or the lender and the borrowers had "agreed in writing not to use the Insurance Proceeds for that purpose." The defendants failed to submit any written agreement between the parties that the insurance proceeds were to be applied to the monthly mortgage payments.
The defendants further argue that the notice of default was defective because it demanded that they pay an additional sum of $64,564.75 to reinstate the loan, which was in violation of a modification agreement provision stating that the deferred principal was not required to be paid in full until the earliest of the date they conveyed the property, the date they paid the entire remaining principal balance, or the new maturity date. However, pursuant to paragraph 2 of the modification agreement, the defendants acknowledged that "the Lender will not be obligated or bound to make any modification of the Loan Documents if [the borrowers] fail to meet any one of the requirements under this Agreement." Paragraph 3 of the modification agreement required the defendants to make their first modified payment on May 1, 2010. The defendants failed to do so. Consequently, the plaintiff was not obligated under the terms of the modification agreement to treat the sum of $64,564.75 as deferred principal, and instead, could treat that sum as it did, i.e., as "Uncollected Costs." Accordingly, the notice of default was not defective.
The defendants' contention that the plaintiff's submissions were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Bank of Am., N.A. v Cudjoe, 157 AD3d 653; Hudson City Sav. Bank v Bomba, 149 AD3d 704, 706; Bank of Am., N.A. v Barton, 149 AD3d 676; PHH Mtge. Corp. v [*3]Celestin, 130 AD3d 703, 704).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion for which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court