Bank of Am., N.A. v Cord (2019 NY Slip Op 00413)





Bank of Am., N.A. v Cord


2019 NY Slip Op 00413


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-10823
2015-11332
2017-09977
2017-09978
 (Index No. 2192/14)

[*1]Bank of America, N.A., respondent, 
v
Barry S. Cord, etc., appellant, et al., defendants.


Russ & Russ, P.C., Massapequa, NY (Jay Edmond Russ of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Elizabeth J. Goldberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barry S. Cord appeals from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 14, 2015, (2) an order of reference of the same court, also dated September 14, 2015, (3) an order of the same court dated July 10, 2017, and (4) a judgment of foreclosure and sale of the same court dated July 11, 2017. The order dated September 14, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Barry S. Cord, to strike that defendant's answer, and for an order of reference. The order of reference dated September 14, 2015, insofar as appealed from, appointed a referee. The order dated July 10, 2017, granted the plaintiff's motion for a judgment of foreclosure and sale, and determined that the mortgaged property should be sold as one parcel. The judgment of foreclosure and sale, upon the orders, inter alia, directed the sale of the mortgaged property.
ORDERED that the appeals from the order dated September 14, 2015, the order of reference dated September 14, 2015, and the order dated July 10, 2017, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Between March 2004 and April 2006, the defendant Barry S. Cord (hereinafter the defendant) executed three notes which were each secured by real property located in Millbrook (hereinafter the mortgaged property). In April 2006, the defendant executed a consolidation, extension, and modification agreement which consolidated the three mortgage loan balances into "a single lien" in the sum of $2,880,000 (hereinafter the consolidated note and consolidated mortgage).
In April 2010, the defendant defaulted on his monthly payments on the consolidated note, and in May 2014, the plaintiff commenced this foreclosure action. The defendant interposed an answer in which he raised the affirmative defense of lack of standing. The defendant's answer did not allege that RPAPL 1304 was applicable to the consolidated note or otherwise raise the issue of compliance with RPAPL 1304 as a defense. In June 2015, the plaintiff moved, inter alia, for [*2]summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In opposition to the plaintiff's motion, the defendant, in effect, argued that the plaintiff was required to comply with RPAPL 1304, and that it had failed to do so.
In an order dated September 14, 2015, the Supreme Court, inter alia, granted the aforementioned branches of the plaintiff's motion. By order of reference, also dated September 14, 2015, the court, among other things, appointed a referee. Subsequently, in an order dated July 10, 2017, the court, inter alia, determined that the mortgaged property should be sold as one parcel. By judgment of foreclosure and sale dated July 11, 2017, the court, among other things, directed the sale of the mortgaged property. The defendant appeals from the orders and the judgment of foreclosure and sale.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895). Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Flagstar Bank, FSB v Mendoza, 139 AD3d at 899). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the plaintiff established, through admissible evidence (see Montefiore Med. Ctr. v Liberty Mut. Ins. Co., 31 AD3d 724, 725), its standing as holder of the consolidated note and mortgage by demonstrating that the consolidated note was in its possession at the time of the commencement of this action (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). The affidavit of its assistant vice president established that the plaintiff was in possession of the consolidated note as of April 12, 2006, which is eight years prior to the commencement of this action. This evidence, together with a copy of the consolidated note, which was attached to the plaintiff's motion for summary judgment, was sufficient to establish, prima facie, the plaintiff's standing (see Bank of Am., N.A. v Martinez, 153 AD3d 1219; Bank of Am., N.A. v Barton, 149 AD3d 676, 678; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff had standing.
Furthermore, the plaintiff sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law on the complaint by submitting the consolidated note and mortgage, and an affidavit of an officer of the plaintiff attesting to the defendant's default in the repayment of his mortgage loan obligation (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200). To the extent that the defendant contends that the plaintiff was required to demonstrate compliance with RPAPL 1304 in order to establish its prima facie entitlement to judgment as a matter of law, that contention is without merit.
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. The defendant's affidavit, in which he averred that he resided "full time" in an apartment in New York City until mid-August 2013, was insufficient to raise a triable issue of fact as to whether the subject loan qualified as a "home loan" within the meaning of the statute (RPAPL 1304[6][a][1][iii]). The defendant failed to submit any other evidence to support the conclusion that [*3]the requirements of the statute are applicable to this case (see RPAPL 1304[6][a][1]; cf. Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 927-928). In any event, the plaintiff's submissions in reply to the allegations made for the first time in opposition to its motion affirmatively demonstrated that the subject loan was not a "home loan" within the meaning of RPAPL 1304 (see generally Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664-665; 71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d 583, 584).
Since there are no triable issues of fact as to any of the material elements of the plaintiff's cause of action or with respect to the answer, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
The parties' remaining contentions are either without merit or need not be addressed in light of our determination.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court