CitiMortgage, Inc. v Moran (2020 NY Slip Op 06345)





CitiMortgage, Inc. v Moran


2020 NY Slip Op 06345


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 850110/19 Appeal No. 12259 Case No. 2020-02011 

[*1]CitiMortgage, Inc., Plaintiff-Appellant,
v
Trevor C. Moran, Defendant-Respondent, Board of Managers, etc., et al., Defendants.


Akerman LLP, New York (Jordan M. Smith of counsel), for appellant.
Rozario Touma, P.C., New York (Rovin R. Rozario of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 6, 2020, which denied plaintiff's motion for summary judgment on its claims seeking to foreclose on a consolidated mortgage and to expunge an erroneously recorded satisfaction of mortgage, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for an order of reference on the foreclosure claim and to expunge the recorded satisfaction of mortgage.
This action was timely brought within six months after this Court dismissed plaintiff's first foreclosure action, "without prejudice," for failure "to establish a presumption that it properly served defendant with RPAPL 1304 notice through proof either of actual mailing or of a standard office practice or procedure for proper addressing and mailing" (CitiMortgage, Inc. v Moran, 167 AD3d 461, 461 [1st Dept 2018]; see CPLR 205[a]). The "failure to comply with a procedural condition precedent may be a fatal flaw to maintaining the prior action and grounds for dismissal but is not a judgment on the merits for purposes of CPLR 205(a)" (U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 80 [2019]; see Sabbatini v Galati, 43 AD3d 1136, 1139 [2d Dept 2007]). Nor is a dismissal without prejudice a final determination on the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008]). As the first action was not dismissed for neglect to prosecute, plaintiff's diligence in prosecuting the first action, in which the motion court had granted its motion for summary judgment, is not relevant (see Wells Fargo Bank, N.A. v Eitani,148 AD3d 193, 198-199 [2d Dept 2017], appeal dismissed 29 NY3d 1023 [2017]).
Contrary to defendant's contention, the first action was timely commenced well within the applicable six-year limitations period, by filing the summons and complaint in Supreme Court (CPLR 213[4], 304[a]; compare Dreger v New York State Thruway Auth., 81 NY2d 721, 723 [1992]).
Plaintiff demonstrated its prima facie entitlement to foreclosure by producing the notes, mortgages, and evidence of defendant's default (see Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). Defendant did not contest his failure to pay.
Plaintiff established standing by attaching copies of the first, second, and consolidated notes to the complaint (see Ocwen Loan Servicing LLC v Siame, 185 AD3d 408 [1st Dept 2020]; Bank of N.Y. Mellon v Adam P10tch LLC, 162 AD3d 502 [1st Dept 2018]). The indorsements on the first note separately demonstrated that it was assigned to plaintiff long before this action was commenced (see Deutsche Bank Natl. Trust Co. v Guevara, 170 AD3d 603 [1st Dept 2019]). Plaintiff also has standing as the original lender for the second and consolidated notes (see CitiMortgage, Inc. v Pugliese, 143 AD3d 659, 661 [2d Dept 2016]).
Plaintiff further demonstrated that a satisfaction of mortgage, recorded by the original lender's nominee, was erroneously filed. The nominee had "no interest in the mortgage it purported to discharge" when it recorded the satisfaction, which was more than three months after it assigned the mortgage and the lender assigned the note (see OneWest Bank v Schiffman, 175 AD3d 1543, 1545 [2d Dept 2019]). The assignment of the first note merely transferred the obligation and did not render it satisfied and discharged, and, further, the first note and mortgage still existed after consolidation (see Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534 [2d Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020