Deutsche Bank Natl. Trust Co. v Giuliani (2021 NY Slip Op 08221)





Deutsche Bank Natl. Trust Co. v Giuliani


2021 NY Slip Op 08221


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-00373 
2019-00380
2019-07203
 (Index No. 52684/17)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Michael Giuliani, et al., defendants, Christine Manuel, etc., appellant.


Deren, Genett & Macreery, P.C., Katonah, NY (John Brian Macreery of counsel), for appellant.
Leopold & Associates, PLLC (Saul O. Leopold and Greenberg Traurig, LLP, New York, NY [Steven Lazar and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Christine Manuel appeals from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated December 14, 2018, (2) an order of the same court also dated December 14, 2018, and (3) an order of the same court dated May 30, 2019. The first order dated December 14, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christine Manuel, to strike her answer, and for an order of reference, and denied that defendant's cross motion for leave to serve and file a second amended answer. The second order dated December 14, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christine Manuel, to strike her answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order dated May 30, 2019, denied the motion of the defendant Christine Manuel, in effect, for leave to renew and reargue her opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and her cross motion for leave to serve and file a second amended answer.
ORDERED that the appeal from the order dated May 30, 2019, is dismissed; and it is further,
ORDERED that the orders dated December 14, 2018, are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff established its standing to commence this action by demonstrating that it was the holder of the underlying note when the action was commenced (see Aurora Loan Servs., [*2]LLC v Taylor, 25 NY3d 355, 360-361) by submitting a copy of the complaint with attachments, including a copy of the note endorsed in blank (see HSBC Bank USA, N.A. v Desir, 188 AD3d 657; Bank of N.Y. Mellon v Viola, 181 AD3d 767). There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). In opposition, the defendant Christine Manuel (hereinafter the defendant) failed to raise a triable issue of fact (see Bank of Am., N.A. v Martinez, 153 AD3d 1219).
Contrary to the defendant's contention, the plaintiff's motion was not premature, since mere hope and speculation that additional discovery would yield evidence sufficient to defeat a motion for summary judgment is an insufficient basis to deny summary judgment (see Vikram Constr., Inc. v Everest Natl. Ins. Co., 139 AD3d 720). Moreover, the proposed amendments to the defendant's answer were palpably insufficient and patently devoid of merit (see CPLR 3025[b]; Citimortgage, Inc. v Heyman, 186 AD3d 1487).
The defendant's remaining contentions are without merit.
Since the defendant fails to address and set forth any argument in her brief with respect to the order dated May 30, 2019, the appeal from that order should be dismissed as abandoned (see Aurora Loan Services, LLC v Hunte, 189 AD3d 1525, 1527).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court