Federal Natl. Mtge. Assn. v Gluck (2021 NY Slip Op 05954)





Federal Natl. Mtge. Assn. v Gluck


2021 NY Slip Op 05954


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-03017 
2018-03018
 (Index No. 11210/11)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Helen Gluck, et al., appellants, et al., defendants. Yelena Sharova, Brooklyn, NY (Charles W. Marino of counsel), for appellants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Helen Gluck, Joseph Gluck, Alexander Weiss, and Rochelle Weiss appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 13, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated January 12, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied the motion of the defendants Helen Gluck and Joseph Gluck to dismiss the complaint insofar as asserted against them for failure to comply with RPAPL 1304. The order and judgment of foreclosure and sale, upon orders of the same court dated March 20, 2017, and March 23, 2017, and upon the order dated December 13, 2017, inter alia, directed the sale of the subject property.
ORDERED that the appeals by the defendants Alexander Weiss and Rochelle Weiss are dismissed, as no appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendants Helen Gluck and Joseph Gluck from the order dated December 13, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed on the appeal by the defendants Helen Gluck and Joseph Gluck; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal by the defendants Helen Gluck and Joseph Gluck (hereinafter together the defendants) from the order dated December 13, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In May 2011, CitiMortgage, Inc. (hereinafter CitiMortgage), commenced this action against the defendants, among others, to foreclose a mortgage on certain residential property in Brooklyn (hereinafter the property). The defendants interposed an answer, in which they asserted various affirmative defenses. In February 2013, after two settlement conferences had been held pursuant to CPLR 3408, the matter was released from the foreclosure settlement part. In an order dated March 18, 2015, the Supreme Court amended the caption to substitute Federal National Mortgage Association (hereinafter the plaintiff) for CitiMortgage.
By notice of motion dated July 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to negotiate in good faith pursuant to CPLR 3408(f) or, in the alternative, for a hearing on that issue. By order dated March 20, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. In an order dated March 23, 2017, the court, among other things, referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, in August 2017, the defendants moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. In an order dated December 13, 2017, the Supreme Court denied the defendants' motion and granted the plaintiff's motion. On January 12, 2018, the court issued an order and judgment of foreclosure and sale. It is undisputed that, on or about May 15, 2020, the property was sold and the mortgage was satisfied.
Although the mortgage has been satisfied and foreclosure is no longer available, the defendants' contention that the plaintiff failed to meet its obligation to negotiate in good faith pursuant to CPLR 3408(f) has not been rendered academic inasmuch as CPLR 3408(j) provides for various remedies for such failure, including, among other things, the tolling of interest. However, the Supreme Court properly denied that branch of the defendants' cross motion which sought a hearing to determine whether the plaintiff failed to negotiate in good faith pursuant to CPLR 3408(f). The defendants failed to sufficiently allege that the totality of the circumstances demonstrated that the plaintiff's conduct did not constitute a meaningful effort at reaching a resolution to warrant a hearing (see US Bank N.A. v Cohen, 156 AD3d 844, 847; CitiMortgage, Inc. v Pugliese, 143 AD3d 659, 662).
The defendants' remaining contentions have been rendered academic by the sale of the premises and the satisfaction of the mortgage (see generally Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d 638, 639).
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court